IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jack A. Thayer,   Case No. 3:05CV7275

      Plaintiff

v.   ORDER

Fuller & Henry, Ltd.,

      Defendant

This is a malpractice action that originally was filed *pro se* by the plaintiff, a resident of Michigan, against the defendants [the plaintiff's former attorney and the attorney's law firm], all residents of Ohio. Plaintiff brought the suit in the Lucas County, Ohio, Court of Common Pleas. Thereafter, the defendants removed to this court.

Pending is plaintiff's motion under Fed. R. Civ. P. 41(a) for voluntary dismissal without prejudice. Defendants oppose the motion.

For the reasons that follow, the motion to dismiss shall be denied.

With the legal advice and counsel of the defendants, plaintiff sold his company and left its employ. He and the company were signatories to a bank loan. After the plaintiff left the company, it encountered financial difficulties.

Plaintiff is involved in the Lucas County Court of Common Pleas in a lawsuit with the bank arising from those financial difficulties. The bank claims that plaintiff is liable for more than $3 million on his guaranty. Plaintiff disputes that contention. Though that case has been pending longer than this suit, trial in that case, according to counsels' best estimate, probably will not take place until late this year.

One of plaintiff's claims of malpractice against the defendants in this case is they failed to comply with an instruction that, as part of the sale of plaintiff's company and his separation from it, he be relieved of his obligation to the bank under the guaranty. Plaintiff contends that the failure to comply with this instruction [which, he contends, the bank at that time would not have opposed] has left him open to a judgment of more than $3 million in his state court litigation with the bank.

In support of his motion for leave to dismiss, plaintiff contends that a judgment in his favor in the state court case [i.e., a judgment finding him not liable on the guaranty] would reduce significantly, if not entirely eliminate, his malpractice claim in this case. Thus, he argues, principles of judicial economy militate in favor of dismissing this case to await the outcome of the state court proceedings between plaintiff and the bank.

Plaintiff asserts that the defendants would not be prejudiced by the ending of further proceedings in this case. While the defendants face the risk that this case will be refiled, that circumstance, as plaintiff correctly argues, does not constitute cognizable prejudice under Rule 41. *See, e.g., B & J Mfg. Co. v. D.A. Frost Indus., Inc.*, 106 F.R.D. 351, 352 (N.D. Ohio 1985) ("[C]ourts have consistently held that plain legal prejudice does not result simply when defendant faces the prospect of a second lawsuit on the identical issues.") (citations omitted).

Plaintiff also contends that dismissal should occur, in all fairness, due to the impropriety of removal. As noted, defendants are citizens of Ohio, and plaintiff, a citizen of Michigan, sued the defendants in an Ohio court. Under 28 U.S.C. § 1441(b), as plaintiff points out, removal on the basis of diversity of citizenship is proper "only if none of the parties . . . served as defendants is a citizen of the state in which [suit] is brought."

Had plaintiff timely moved for removal, he would, in light of § 1441(b), have had a strong claim for remand. Plaintiff failed, however, to file a timely remand motion. In the absence of a

timely remand motion, any impropriety in the removal of the case to this court does not defeat jurisdiction. *See, e.g., Stokes v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 523 F.2d 433, 436 (6th Cir. 1975) ("[F]ailure to timely object to improper removal waives the objection.").[1]

In response to plaintiff's motion and arguments, the defendants point out that this case involves events that occurred several years ago. Dismissal and refiling (especially if they occur, as is likely, in state court) will cause further – and, quite possibly, substantial – delay before plaintiffs' dispute with his former attorneys is finally resolved.

In that regard, in addition to noting the usual effects of delay, such as risk of loss of evidence and witnesses and diminution of memory and recollection, defendants note that, given the amount at issue, judgment in the state court case will probably be appealed. This will leave the potential effect of the outcome of that case on this case uncertain for a longer period of time than if an appeal were not so likely.

These circumstances, defendants contend, will exacerbate the prejudice that they contend they will incur if dismissal is allowed. They point out that the law firm defendant is no longer in existence and a final winding up of its affairs depends, apparently, on final disposition of plaintiff's claim against it. Though there is substantial malpractice insurance coverage, about half of the $250,000 deductible has been expended thus far in fees and expenses in this case. Defendants fear that even less will be available for distribution to the firm's equity partners if dismissal is allowed than if this case proceeds to disposition in this court.

---

[1] That plaintiff may well refile in state court, rather than this court, is of no moment in assessing the likely prejudice to the defendants if dismissal is granted. This is particularly so in view of the apparent impropriety of the original removal and the likelihood that plaintiff failed to file a timely motion to remand due to his status at the time as a *pro se* litigant. That status, while it may explain the lack of a timely motion, does not, of course, excuse his default.

Such disposition, the defendants also claim, may be at hand. They have filed a motion for summary judgment, in which they seek dismissal on the basis of the statute of limitations. Plaintiff had filed his opposition to that motion before filing his Rule 41 motion; all that remains for that motion to become decisional is for defendants to file their reply brief.[2]

Rule 41(a)(2) provides in pertinent part: "[A]n action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." The Sixth Circuit has stated:

> Whether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court. The primary purpose of the rule in interposing the requirement of court approval is to protect the nonmovant from unfair treatment. Generally, an abuse of discretion is found only where the defendant would suffer "plain legal prejudice" as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit. In determining whether a defendant will suffer plain legal prejudice, a court should consider such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant.

*Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (citations omitted).

I conclude that the instant motion to dismiss should be overruled, and that I should proceed forthwith to adjudicate the pending motion for summary judgment on the basis of the present record [i.e., without adjudicating the motion to compel]. Accordingly, little additional time or expense will be needed to have the motion for summary judgment become decisional. And none of that expense will be borne by the plaintiff.

---

[2] Defendants raise some tricky issues in a motion to compel, which relates to conversations between plaintiff and an attorney he consulted before filing his malpractice claim *pro se*. Plaintiff contends that addressing these issues while the state court action is pending could create difficulties vis-a-vis the state case. Defendants represent, however, that it is possible to adjudicate their pending motion for summary judgment without resolving the issues raised in their motion to compel.

If I rule in defendants' favor, that ends this case, and its attendant expense, delay, and uncertainty for the parties. Plaintiff will know where he stands with regard to his ability to recover from his attorneys for any liability he may have on the guaranty. The bank will likewise have a better understanding about whether it could collect on that claim were it to prevail in the state court action.[3]

Moreover, if the defendants prevail, they will have reached a terminus with regard to their former firm. While there may be no legal prejudice to them from postponing their arrival at an end station, that is not an insignificant consequence.

If plaintiff overcomes the statute of limitations challenge, then he will have the certainty of having passed that hurdle. He will be considerably closer to his goal in this case of shifting liability on the guaranty from himself to the defendants in this case. By thereafter proceeding forthwith to adjudication of the merits of his claims here, plaintiff will, if he prevails, be far more secure than if he must wait for this case to be resolved until final resolution is reached in the bank's claim.

This case is about to be at a fork in its road. It has taken a considerable amount of time and money, and a fair amount of this court's attention, for it to have gotten to this point. Much of that will have been lost for no really good reason if dismissal is granted. Aside from the irretrievable cost to the parties, there will have been no overall economizing with regard to judicial resources.

Most importantly, the defendants will suffer substantial prejudice if they are compelled to wait a year – or years – until the Common Pleas Court determines the direction this case will be taking. If the defendants thereafter have to defend this case on the merits, their ability to do so may

---

[3] This is not unlike the fairly common situation in which parties to a tort claim ask that adjudication of the tort claim be postponed pending the outcome of a declaratory judgment coverage action brought by a defendant-insured against an insurer. This case is thus somewhat analogous to a coverage action: the defendant's situation is similar to that of a defendant-insured in a declaratory judgment suit against an insurer.

be impaired substantially by further delay. The costs to them will have been increased, even if, as plaintiff contends, much work done in this case will not have to be repeated.

Most importantly, it is irrefutable that the defendants will incur significant prejudice if they have to wait to see if their statute of limitations argument is well-taken, but not decided now.

It is, therefore,

ORDERED THAT:

1. Plaintiff's motion for leave to dismiss without prejudice be, and the same hereby is denied; and

2. Defendants to file their reply brief in support of their motion for summary judgment on or before February 20, 2007.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge